**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

JEANETTE M. DEGARMO,
        Plaintiff,

v.                                                               **CIVIL ACTION NO. 3:05CV88**
                                                                     **(Judge Broadwater)**

JO ANNE B. BARNHART,
COMMISSIONER
OF SOCIAL SECURITY,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On August 11, 2005, Plaintiff Jeanette M. DeGarmo ("Plaintiff"), through her counsel Dean G. Makricostas, filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g), to review a denial of Supplemental Security Income disability benefits ("SSI"), under the Social Security Act [Docket Entry 1]. On September 29, 2005, Defendant Jo Ann B. Barnhart, Commissioner of Social Security ["Defendant"], through her counsel, Helen C. Altmeyer, filed her Answer to the Complaint [Docket Entry 14]. On January 4, 2006, Plaintiff filed her "Motion for Remand" [Docket Entry 17]. Defendant filed a Response and Brief in Support of Motion for Summary Judgment on January 18, 2006 [Docket Entry 18]. Plaintiff filed a Reply on January 31, 2006 [Docket Entry 19]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b) [Docket Entry 6].

### I. Arguments

Plaintiff argues that "due to errors and omission in the record prepared by the defendant Commissioner the instant case is not ripe for review by this Court." (Plaintiff's Motion at 1). Defendant contends Plaintiff's arguments do not suggest any basis for remand. Defendant further argues that Plaintiff has waived any argument regarding the substantive issues in the case, because

she did not address them in her opening brief.

In particular, Plaintiff asserts:

1) In her Request for Review to the Appeals Council she specifically asked the Appeals Council to send her a copy of the "complete file," Exhibit List, and hearing cassette(s). Plaintiff asserts she received "some documentation" on January 15, 2005, and submitted a memorandum to the Appeals Council attaching ten pages of medical reports and other documents from her claims folder, and that not all of these documents are in the current court transcript.

2) Plaintiff argued to the Appeals Council that the record was incomplete and not ripe for decision, noting "[s]ome of the medical exhibits from the claim filed in 2000 were in the claims folder and thus part of the claim filed in 2002. However, comparison of the 2000 and 2002 Exhibit Lists demonstrates that the medical exhibits are not all the same."

3) The 2002 claims file is often not understandable because of missing pages.

4) Plaintiff submitted some pages of medical evidence, but the Appeals Council did not acknowledge Plaintiff's request for the missing information, simply declaring the reports duplicative.

5) A review of the Exhibit Lists from the 2000 and 2002 claims demonstrates the evidence is not the same in both claims. Some of the evidence from the 2000 claim has been brought into the 2002 claim, but other evidence has not.

6) As a result of the Appeals Council's failure to provide the evidence requested by Plaintiff the transcript filed by the Commissioner contains hundreds of pages that are totally new to the plaintiff yet this same evidence may have been reviewed and relied upon by the

consultative physicians when forming their opinions and the ALJ in reaching his decision to deny Plaintiff's claim for benefits.

7) Hallex 1-2-135 specifically provides that a claimant for social Security benefits is entitled to examine all of the contents of a claim file. In this case Plaintiff was denied this entitlement and this denial prevented her counsel from providing Plaintiff effective assistance because he could not address potential issues raised by evidence of which counsel had no knowledge.

Defendant in particular asserts:

1) There are no deficiencies in the record that would preclude Plaintiff from addressing and preserving any substantive issues in this case.

2) As counsel of record, Plaintiff's counsel was put on notice that he was responsible for seeing that the ALJ had all the evidence necessary to decide the case, and/or object to anything he did not want the ALJ to consider.

3) Plaintiff herself may have forgotten to submit the two pages omitted from the Appeals Council evidence.

4) Plaintiff had access to the evidence she asserts was omitted, and therefore was not precluded from using them in her arguments.

5) There is nothing unusual in the fact that the medical exhibits for the 2000 and 2002 claims are different, because they pertain to two different time periods. The evidence which pertains to the time period prior to the 2002 decision has already been considered in a decision which is final and binding on the parties. Furthermore, it is not unusual for medical exhibits from a previous time period to be included as part of the evidence in a subsequent

claim. Medical providers are asked to provide a claimant's records. In doing so, they often include records from time periods outside that being adjudicated.

6) The ALJ was not persuaded by evidence from the previously adjudicated time period.

7) There is no merit to Plaintiff's allegation that the transcript filed by the commissioner contains "hundreds of pages" which are totally new to her.

8) Plaintiff has waived any substantive issues which she did not raise in her opening brief.

## II. Discussion

The undersigned first notes that Plaintiff's entitlement to and request for the claim file came after the ALJ's decision. The omission or inclusion of any evidence in that file could therefore not have affected counsel's representation of Plaintiff before the ALJ. Further, counsel states:

> Before Plaintiff filed the Request for Hearing counsel went to the Social Security Field Office in Steubenville, Ohio <u>and reviewed the file</u>. <u>When counsel reviewed the file again on the day of the Administrative Law Judge hearing some documents were incomplete or missing compared to the file that was at the Field Office in Steubenville</u>. This is why Plaintiff requested the Appeals Council send her a copy of the complete file. Plaintiff was trying to reconcile the difference in the file copied at the Steubenville, Ohio Field Office and the file reviewed at the Office of Hearings and Appeals.

(Emphasis added) Counsel therefore admittedly reviewed the claims file before the Administrative Hearing. Yet at the Hearing, held October 2, 2003, the ALJ expressly asked Plaintiff's counsel if he had any objections to the proposed exhibits, to which counsel replied, "No, Your Honor" (R. 674). The ALJ then on the record admitted into evidence Exhibits B1A through B2A, B1B through B7B, B1D through B3D, and B1F through B20F, as well as Exhibits C1A through C3A, C1B through C6B, C1D through C2D, C1E through C11E, C7B, and C1F through C22f (R. 674-675). If counsel believed there were errors in the exhibits, he had a duty to so inform the ALJ at the time, so the ALJ would have the opportunity to resolve the situation.

4

The undersigned therefore finds that the fact that evidence may have been missing from the claims file could not have prevented her counsel from providing effective assistance at the ALJ level.

Nor does it affect the Court's ability to determine whether substantial evidence supports the ALJ's determination.

Defendant's argument regarding at least one reason evidence from the earlier claim time period may have been "commingled" with evidence from the current claim period is persuasive. Defendant notes, as an example, that Dr. Depetro was asked to submit all evidence from 6/1/02 to the present; however, the record shows he forwarded evidence from the previously adjudicated time period along with the evidence from the period at issue.(R. 639, 640-646).

Plaintiff bases much of her argument on the fact that the current file contains a Psychiatric Review Technique ("PRT") form completed by State agency reviewing psychologist James Capage, Ph.D. (R. 616-630). Dr. Capage completed this form on September 24, 2002. Nearly a month later, he added a notation, stating: "The Findings of this Review concur with the ALJ Decision of 4-25-02," initialing and dating the notation 10-18-02. Plaintiff notes that the current ALJ decision states that the opinions of the non-examining consults were persuasive, and that this necessarily includes Dr. Capage. Plaintiff then argues:

> If the Capage report "concurs" with the prior Administrative Law Judge decision (the 2000 claim), then the Administrative Law Judge who wrote the decision on the 2002 claim cannot have been properly persuaded unless he had before him all of the evidence from the 2000 claim. This evidence, which the Administrative Law Judge had before him, is the same evidence denied to Plaintiff.

The undersigned does not agree. Counsel has misconstrued Dr. Capage's "concurrence" with the prior ALJ's decision. It is clear from the PRT itself that Dr. Capage reviewed the evidence

5

he had before him and made his determination. It was nearly a month after he made this determination that he noted separately that his findings concurred with the prior ALJ's decision. That he "concurred" with the prior ALJ's decision does not mean he relied on it in any way. By concurring, he simply meant he agreed. That the second ALJ may have subsequently found Dr. Capage's determination persuasive in no way indicates that ALJ "had before him all of the evidence from the 2000 claim."

Even if some evidence is missing from the transcript, that does not necessitate remand. Remand is not required automatically when the transcript before the court, although incomplete, is nevertheless sufficient to permit meaningful review. See Harrison v. PPG Industries, Inc., 446 U.S. 578, 594, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980); Torres v. Shalala, 48 F.3d 887 (5th Cir.1995) (remand need not be ordered when evidence is missing but there is still ample evidence from which a determination may be made); Brady v. Apfel, 41 F.Supp.2d 659, 667-8 (E.D.Tex.1999) (remand not required where missing documents are immaterial to ALJ's decision).

The undersigned's review of the more than 700-page record in this case indicates there is ample evidence from which to make a determination as to whether the ALJ's determination is supported by substantial evidence.

As to any evidence Plaintiff may have submitted to the Appeals Council that was left out of the record, that omission is easily remedied. Plaintiff shall be permitted to attach any such evidence she submitted to the Appeals Council that was omitted from the Court record as an attachment to her Motion for Summary Judgment, and may argue regarding whether the Appeals Council's decision not to review the evidence was supported by substantial evidence.

For all the above reasons, the undersigned **RECOMMENDS** Plaintiff's Motion for Remand

be **DENIED without prejudice**.

Finally, Defendant argues that Plaintiff has waived any substantive issues which she did not raise in her brief. Defendant correctly states the rule as "[w]ithin thirty days after the defendant has filed an answer and a complete copy of the administrative record, the plaintiff shall file a brief in support of his or her claim(s) for relief." L.R. Gen. P. 83.12(b). The undersigned accords Plaintiff the benefit of the doubt in this case, because counsel, whether correctly or incorrectly, believed Defendant had not filed a "complete copy" of the administrative record. The undersigned therefore **RECOMMENDS** Defendant's Motion for Summary Judgment be **DENIED without prejudice**.

Should the District Court affirm this Recommendation, the undersigned further **RECOMMENDS** Plaintiff have thirty (30) days from the date of entry of the District Judge's Order to submit her Motion for Summary Judgement, if any, and Defendant have thirty (30) days from the filing of Plaintiff's Motion for Summary Judgment to file her Responsive motion, if any.

### III. RECOMMENDED DECISION

For the reasons above stated, the undersigned recommends Plaintiff's Motion to Remand [Docket Entry 17] be **DENIED without prejudice** and Defendant's "Motion for Summary Judgment" [Docket Entry 19] be **DENIED without prejudice.** Should the District Court Order affirm this decision, the undersigned further recommends Plaintiff have thirty (30) days from the date of such Order in which to submit her Motion for Summary Judgment, if any, and Defendant have thirty (30) days from the date of filing of Plaintiff's Motion to file her Responsive Motion, if any.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

7

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Court Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13 day of March, 2006.

/s *John S. Kaull*
John S. Kaull
United States Magistrate Judge